STATE OF WEST VIRGINIA *v.* LLOYD B. CAMPBELL *et al.*

(No. 7838)

Submitted May 15, 1934.   Decided June 5, 1934.

*Salisbury & Lopinsky,* for plaintiff in error.

*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

Lloyd B. Campbell, Earl Saunders and Edsil Strickland, joint-indictees, are under conviction and sentence for arson in Kanawha County. The property burned was the dwelling of Albert and Edgar Tinsley.   Writ of error was awarded to Campbell and refused to the other defendants.

The defendants and the Tinsleys were neighbors living on Wills Creek in said county. The Tinsley dwelling burned about one o'clock in the morning of June 20, 1930. Some days after the fire, the defendants were arrested but were discharged by a magistrate upon a preliminary hearing. About three years later, they were indicted and arrested again. Saunders and Strickland were convicted on admissions of guilt made by them, though, at the trial, they undertook to deny the same and to prove an alibi. No admission of Campbell was proved. Certain statements of Saunders and Strickland implicated Campbell but the trial court excluded therefrom all references to Campbell. This, of course, was proper. "A confession or admission of an accomplice in a felony, made after the crime has been committed, and not a part of the *res gestae,* and not made in the presence of the accused on trial, is not evidence against the accused." *State* v. *Spurr,* 100 W. Va. 121, 130 S. E. 81.

The sum of the evidence against Campbell is this: Admitted ill-feeling between him and the Tinsleys for many years; an implied threat by him about six months before the fire that if bullets would not put the Tinsleys out of their home, fire would (Campbell claimed an interest in the property) ; a threat two or three days before the fire that if the Tinsleys cut and removed from the property certain timber for posts he would "send them to hell alive"; a statement by Campbell's wife, in his presence, soon after the preliminary hearing, that they would have to get Strickland away or he would get Campbell into trouble in connection with the Tinsley fire. Saunders and Strickland were employed by Campbell in farming and rig-building, and were living in his home.

The whole setting creates grave suspicion of Campbell's guilt, but conviction cannot be based on suspicion. The evidence failed to prove his guilt in accordance with settled and familiar rules of the administration of criminal law. "Proof of facts and circumstances which arouse strong suspicion of guilt or guilty knowledge of a crime on the part of the accused, but which do not prove beyond a reasonable doubt his criminal agency in

its commission, will not sustain a verdict of guilty." *State* v. *Dudley,* 96 W. Va. 481, 123 S. E. 241, 242.

It follows that the judgment must be reversed, the verdict set aside and the case remanded for further proceedings in the trial court.

*Reversed and remanded.*